# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERTO SALDIVA-SANDOVAL,  )
                          )
         Plaintiff,       )
                          )
    v.                    )     1:08CV716
                          )
UNITED STATES OF AMERICA, )
                          )
         Defendant.       )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff has brought a motion for return of property under Fed. R. Crim. P. 41(g). In that motion, he seeks the return of a social security card, a "U.S. Driver License," and a legal permanent resident card or "green card." He claims that all of these items were seized from him by Immigration and Customs Enforcement agents at the time of his arrest on August 11, 2005. Defendant has moved to dismiss the complaint. Despite being informed of his right to respond to the motion to dismiss and warned that a failure to respond may lead to a conclusion that Defendant's contentions are undisputed or that Plaintiff does not wish to further pursue the matter, Plaintiff has not filed any response to the motion to dismiss. The motion to dismiss could be granted for that reason alone. However, out of an abundance of caution, the Court will briefly address the matter on the merits.

Plaintiff was prosecuted in this Court for unauthorized reentry into the United States by an aggravated felon who had been previously deported in violation of 8 U.S.C. § 1326(a) and (b)(2). (Case No. 1:05CR306.) His first two trials ended in hung juries, but he was convicted at a third trial and sentenced to 54 months of imprisonment.

As stated above, Plaintiff's motion is made pursuant to Fed. R. Crim. P. 41(g). Such a motion should be denied "if the movant is not entitled to lawful possession of the property or it is contraband." *Stancil v. United States*, No. 91-56273, 1992 WL 318700, at *1 (9th Cir. 1992)(citing *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991)). One such situation is a request for the return of false or fraudulent identification documents. *Id*.

Here, it was established at Plaintiff's trial that he was not legally present in the United States at the time of his arrest. Instead, he was an illegal alien who had been previously deported for an aggravated felony. This meant that he was permanently barred from reentering the United States. 8 U.S.C. § 1182(a)(9)(A)(ii). As such, he was obviously not a legal permanent resident of this country and, therefore, not entitled to possess a green card. Plaintiff cannot now relitigate this issue in this proceeding. *See United States v. Wight*, 839 F.2d 193, 196 (4th Cir. 1987)(collateral estoppel prevents relitigation of issues litigated in, and necessary to, an earlier action). Plaintiff is, therefore, not entitled to the return of his green card.

The result is much the same for the social security card. Counsel for Plaintiff acknowledged at his sentencing that his social security card was obtained as a part of the

same process through which Plaintiff obtained the green card. (Case No. 1:05CR306, Docket No. 70 at 8.) If one is not legitimate, it follows that the other is not either.

Finally, as for the driver's license, Plaintiff is permanently barred from this country and can never be legally present for driving or any other purpose. He would have no legitimate entitlement to the license. Further, Plaintiff was living in this country under the assumed name of Jose Edilberto Hernandez at the time of his arrest. (*Id*., Docket No. 68 at 48.) His green card was also obtained using that name. (*Id*., Docket No. 42, ¶ 11.) It is not clear from the record what name is present on the license in question. However, there is a fair inference that the license was issued under the alias that Plaintiff used while living here, thereby rendering it a fraudulent document as well. For all of these reasons, Plaintiff is not legally entitled to possess the documents he seeks. Defendant's motion to dismiss should be granted and Plaintiff's motion for return of property should be denied.

**IT IS THEREFORE RECOMMENDED** that Defendant's motion to dismiss (Docket No. 10) be granted, that Plaintiff's motion for return of property (Docket No. 1) be denied, and that Judgment be entered dismissing this action.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: December 31, 2009